OVERTON, Justice.
The Florida Bar has petitioned this Court to amend Florida Rule of Civil Procedure 1.611 (Dissolution of Marriage) to provide a simplified procedure by which dissolution of a marriage of short duration can be obtained by the parties without their having to employ private counsel. This proposed rule amendment has been submitted in response to this Court’s direction that the Bar study the legal needs of Florida citizens and recommend ways of providing accessible, inexpensive legal services to the public. We approve a modified form of the Bar’s proposed amendment, but delay its effective date to afford all interested parties an opportunity to comment.
The suggested simplified dissolution procedure serves several purposes. It makes the courts more accessible and minimizes costs to the parties, while protecting both the interests of the parties in the fair resolution of their case and the interests of the state in this type of proceeding. We find that the suggested rule amendment is a step forward in making Florida’s courts available and affordable. Other jurisdictions have adopted similar simplified dissolution proceedings.[1]
Self-help representation by low income persons in domestic relations matters has been the subject of prior proceedings in this Court. In The Florida Bar v. Brumbaugh, 355 So.2d 1186 (Fla.1978), we considered the matter of secretarial services selling and preparing do-it-yourself divorce kits. In that case, “we took the opportunity to clearly define to non-lawyers the proper realm in which they could operate without engaging in the unauthorized practice of law.” The Florida Bar v. Furman, 376 So.2d 378, 381 (Fla.1979). We held that they could advertise their activities of providing secretarial and notarial services and selling legal forms and general printed information, but directed that they could not “engage in advising clients as to the various remedies available to them, or otherwise assist them in preparing those forms necessary for a dissolution proceeding.” 355 So.2d at 1194. In Furman, we again considered allegations that a secretarial service “engaged in the unauthorized practice of law by giving legal advice and by rendering legal services in connection with marriage dissolutions _” 376 So.2d at 379.
On the basis of the problems raised in these eases, the referee’s report to this Court in Furman urged that “as part of our disposition in ... [that] case we require the bar to conduct a study to determine how to provide effective legal services to *811 the indigent.” Id. at 381-82. We accepted the referee’s suggestion, recognizing that “it is our responsibility to promote the full availability of legal services,” and that “[d]evising means for providing effective legal services to the indigent and poor is a continuing problem.” Id. at 382. Further, we stated that the record in Furman suggested that more attention should be given to the subject and directed “The Florida Bar to begin immediately a study to determine better ways and means of providing legal services to the indigent.” Id.
Pursuant to this Court’s direction, The Florida Bar had prepared a study entitled “The Legal Needs of the Poor and Underrepresented Citizens of Florida: An Overview 1980.” The report, which was filed in this Court on February 1, 1980, stated that there was a need to reduce the complexity of certain litigation and suggested the adoption of a simplified procedure for dissolution of marriages similar to that used in California. The Florida Bar, in part because of the recommendation contained in this report, filed the instant petition under this Court’s rule-making authority, seeking the adoption of a simplified dissolution procedure. The Supreme Court Matrimonial Law Commission, which endorsed the proposal in principle, has recommended certain modifications. These recommendations concern the need for a requirement of corroborative evidence of residence to comply with section 61.052(2), Florida Statutes (1981), and the need for the parties to appear before a judge. The recommendations of the Matrimonial Law Commission concerning corroboration of residency and appearance before a judge are accepted and are incorporated in the modified procedure adopted in this opinion. We have, however, eliminated the limitation suggested by The Florida Bar and the Matrimonial Law Commission that the parties shall have been married for five years or less. Such a limitation, we find, is not necessary when the parties are required to appear before a judge.
In opposition to the proposed simplified dissolution procedure, the Civil Rules Committee of The Florida Bar contends that the determination of whether there should be a summary dissolution of marriage procedure in Florida is a legislative rather than a judicial function. The Civil Rules Committee also raises concerns about the requirement of corroborative evidence of residence as well as the need for testimony that the marriage of the parties to the action is irretrievably broken, as required under section 61.052(2)(a), Florida Statutes (1981).
The General Practice Section of The Florida Bar also opposes the suggested rule amendment and disagrees with the recommendations stated in the “Legal Needs of the Poor” study. The General Practice Section contends that a simplified dissolution procedure will not provide sufficient assistance to the poor. This Court, the section asserts, should not rely on “do-it-yourself procedures” but should instead provide legal consultation so that the rights of the poor are protected. The argument is made that those individuals who would use the simplified dissolution proceedings need legal representation, even where there are no children of the marriage and there is no property dispute.
Increasingly, in many types of legal actions it is neither financially nor economically feasible for litigants to hire attorneys. We have addressed this problem in some areas, including the simplification of small claims type actions, where we have directed court clerks to aid parties in completing the necessary claim forms.[2] We have also adopted simplified probate procedures.[3] The legislature itself has expressly recognized the right of citizens to represent themselves in legal actions.[4] We find that *812 it is this Court’s responsibility to implement simplified court procedures if they reduce legal costs and make courts more accessible to Florida citizens, protect the rights of citizens in the disposition of disputes, protect the public interest in such proceedings, and are consistent with the statutory law in the area addressed. The rule amendment adopted here establishing a simplified dissolution procedure meets these criteria.
In adopting a simplified dissolution procedure, we find that in order to properly protect the interests of the parties and the interests of the state, the parties should personally appear before a judge, who should review the papers filed in the action and make whatever inquiry of the parties necessary to assure that they meet the criteria for the entry of final judgment of dissolution. We also find that, in conformance with section 61.052(2), Florida Statutes (1981), corroboration of residence is necessary from a person not a party to the action. Proof by affidavit, however, is sufficient in a simplified dissolution proceeding unless the presiding judge believes that direct testimony of residence is necessary. To assist the public in using this simplified procedure, we are directing the court clerks to provide the type of assistance which they now provide in small claims matters. Further, we suggest that The Florida Bar prepare an educational pamphlet on this simplified procedure for approval by this Court and for use in each of the clerks’ offices.[5]
In accordance with the views expressed in this opinion, the dissolution of marriage (divorce) rule, Florida Rule of Civil Procedure 1.611, is modified by adding section (c), entitled “Simplified Dissolution Procedure,” which reads as follows:
(c) Simplified Dissolution Procedure.
(1) The parties to the dissolution may file a petition for simplified dissolution if they certify under oath that: There have been no children born to or adopted by the parties during the marriage; the wife is not now pregnant; the parties have made a satisfactory division of their property and have agreed as to payment of their joint obligations; and the other facts set forth in Form 1.943-1 are true.
(2) The clerk shall submit the petition to the court. The parties shall appear before the court in every ease and, if the court so directs, testify. The court, upon examination of the petition and the personal appearance of the parties, shall enter a judgment granting the dissolution, if the requirements of this subsection have been established.
(3) Corroboration of the residency of the parties may be by affidavit in substantially the form provided in Form 1.943-2.
(4) Upon the entry of the judgment, the clerk shall furnish to each party a certified copy of the final judgment of dissolution, which shall be in substantially the form provided in Form 1.995-1.
(5) The clerk shall provide forms for the parties whose circumstances meet the requirements of this subsection and shall assist in the preparation of the petition for dissolution and other papers to be filed in the action.
We have approved the forms to be used in the simplified dissolution procedure. These forms, which include a petition for dissolution of marriage, an affidavit for corroboration of residency, and a final judgment of dissolution, are identified, respectively, as Florida Rules of Civil Procedure Forms 1.943-1, 1.943-2, and 1.995-1. Rule 1.611, as modified, and the approved *813 forms are set out in the appendix to this opinion.
The Florida Bar is directed to publish this rule change in the Florida Bar News by January 15, 1984, so that interested parties may have the opportunity to comment concerning this Court’s modification of this rule and to present their objections or suggestions to this Court on or before February 15, 1984. Barring further amendment or modification as a result of the responses received, the rule shall become effective on March 1, 1984, at 12:01 a.m.
It is so ordered.
ALDERMAN, C.J., and McDONALD and EHRLICH, JJ., concur.
BOYD, J., dissents with an opinion, with which SHAW, J., concurs.
ADKINS, J., dissents.

Appendix

Rule 1.611. Dissolution of Marriage (Divorce)
(a) Financial Statement. Every application for temporary alimony, child support, attorneys’ fees or suit money shall be accompanied by an affidavit specifying the party’s financial circumstances. The affidavit shall be served at the same time that notice of hearing on the application is served. The opposing party shall make an affidavit about his financial circumstances and shall serve it before or at the hearing. If no application for a temporary award is made, the parties shall make and serve the affidavits at least 10 days before the trial if permanent alimony, child support, attorneys’ fees or suit money is sought. If a party is not represented by an attorney, sufficient time will be allowed the party to prepare the required affidavit at hearing or trial. The affidavits shall be in substantially the form approved by the Supreme Court. On the request of either party the affidavits and any other financial information may be sealed.
(b) Payment to Public Officer.
(1) If the chief judge of the circuit by administrative order authorizes the creation of a central governmental depository for the circuit or county within the circuit to receive, record and disburse all support alimony or maintenance payments, as provided in Fla.Stat. (1973) § 61.181, the court may direct that payment be made to the officer designated in the administrative order.
(2) If the court so directs, the payments shall be made to the officer designated. The officer shall keep complete and accurate accounts of all payments received. Payments shall be made by cash, money order, cashier’s or certified check. The officer shall promptly disburse the proceeds to the party entitled to receive them under the judgment or order. Payment may be enforced by the party entitled to it or the court may establish a system under which the officer issues a motion for enforcement and a notice of hearing in the form approved by the Supreme Court. The motion and notice shall be served on the defaulting party in person or by mail. At the hearing the court shall enter an appropriate order based on the testimony presented to it.

(c)Simplified Dissolution Procedure.

(1) The parties to the dissolution may file a petition for simplified dissolution if they certify under oath that: There have been no children born to or adopted by the parties during the marriage; the wife is not now pregnant; the parties have made a satisfactory division of their property and have agreed as to payment of their joint obligations; and the other facts set forth in Form 1.9j3-l are true.

(2) The clerk shall submit the petition to the court. The parties shall appear before the court in every case and, if the court so directs, testify. The court, after examination of the petition and personal appearance of the parties, shall enter a judgment granting the dissolution, if the requirements of this subsection have been established.

(3) Corroboration of the residency of the parties may be by affidavit in sub
*814
stantially the form provided in Form 1.943-2.

(4) Upon the entry of the judgment, the clerk shall furnish to each party a certified copy of the final judgment of dissolution, which shall be in substantially the form provided in Form 1.995-1.

(5) The clerk shall provide forms for the parties whose circumstances meet the requirements of this subsection and shall assist in the preparation of the petition for dissolution and other papers to be filed in the action.

Form 1.943-1. Petition for Simplified Dissolution of Marriage
The petition of Husband and Wife shows:
1. This is a petition for dissolution of marriage.
2. The Husband and the Wife or one of them has been a resident of Florida for at least six (6) months immediately prior to filing this petition.
[[Image here]]
4. The marriage between the parties is irretrievably broken.
5. No children have been born to or adopted by the parties during this marriage and the Wife is not pregnant.
6. The parties have made provisions for the division of their property and the payment of their joint obligations. They are satisfied with those provisions.
7. The parties understand that they may have legal rights against each other arising out of the marital relationship and that by signing this petition they may be giving up those rights.
8. Each party certifies that he/she has not been threatened or pressured into signing this petition. Each understands that the result of signing this petition may be a final dissolution of the marriage with no further relief.
9. The parties understand that they are required to appear before the judge to testify as to the matters contained in this petition.
10. The address of each party is as stated below.
11. The Wife wishes to have her former name restored to her. (Yes _ No _) If “Yes,” state Wife’s former name:
Wherefore, Husband and Wife ask the Court to dissolve the marriage existing between them.
UNDER PENALTY OF PERJURY, WE CERTIFY THE FOREGOING FACTS ARE TRUE.
[[Image here]]
CLERK OF THE CIRCUIT COURT By-DEPUTY CLERK
*815 Form 1.943-2. Certificate of Corroborating Witness
UNDER PENALTY OF PERJURY I CERTIFY that I am a resident of the State of Florida; I have known (insert name of Husband or Wife) for more than six (6) months preceding this date and I know of my own personal knowledge that such person has resided in the State of Florida for at least six (6) months immediately before filing the petition in these proceedings.
Witness’ Signature
Witness’ Name Typed
Witness’ Residence Address
SWORN TO AND SIGNED before me this_day of_, 19_
CLERK OF THE CIRCUIT COURT
By-DEPUTY CLERK
Form 1.995-1. Final Judgment Dissolving Marriage under Simplified Dissolution Procedure
This action came before the Court upon the petition of the parties for dissolution of their marriage. Upon consideration thereof,
IT IS ADJUDGED that the bonds of marriage between Husband, A.B., and Wife, C.D., are dissolved.
(If applicable) IT IS FURTHER ADJUDGED that the Wife’s former name is restored and she shall hereafter be known as_
ORDERED at_, Florida, on this_day of_, 19_
CIRCUIT JUDGE

. See Cal.Civ.Code §§ 4550-4556 (Deering 1982), and Colo.Rev.Stat. § 14-10-120.3 (1982); Md.R.P. 610, S74 (1982).

. See Fla.R.Summ.P. 7.050(c).

. See Fla.R.P. & G.P. 5.420, 5.520, and 5.530.

. Section 454.18, Florida Statutes (1981), reads as follows:
Officers not allowed to practice. — No sheriff or clerk of any court, or deputy of either, shall practice in this stale, nor shall any person not of good moral character, or who has been convicted of an infamous crime be entitled to practice. But no person shall be de *812 nied the right to practice on account of sex, race, or color. And any person, whether an attorney or not, or whether within the exceptions mentioned above or not, may conduct his own cause in any court of this state, or before any public board, committee, or officer, subject to the lawful rules and discipline of such court, board, committee, or officer.
(Emphasis added.)

. See In the Matter of the Use by the Trial Courts of the Standard Jury Instructions in Criminal Cases and the Standard Jury Instructions in Misdemeanor Cases, 431 So.2d 594 (Fla.1981), in which this Court approved a handbook for grand jurors.