OVERTON, Justice.
On December 8, 1983, this Court issued a decision approving a simplified procedure by which dissolution of a marriage can be obtained by the parties without having to employ private counsel. 450 So.2d 810. We set the effective .date of the amendment as March 1, 1984, however, to afford all interested parties an opportunity to comment on the rule change and the forms which must be completed pursuant to the simplified dissolution procedure. At the suggestion of The Florida Bar, we extended the effective date of the simplified dissolution procedure to June 1, 1984. The Florida Bar and others submitted to this Court certain suggestions for the improvement of the procedures and forms proposed in our original decision. We have modified the rule to the effect that the reference to children in section (c)(1) pertains only to minor or dependent children. We have also added a provision which permits either the court or the parties to utilize, where appropriate, a property settlement agreement (Form 1.943(c)) and a financial affidavit (Form 1.943(d)). We decline, however, to make the use of the forms mandatory in every case. We also decline to modify the petition for dissolution form to permit the petition to be signed under oath before anyone other than court personnel. We have, however, modified the forms for the affidavit of the corroborating witness and the financial affidavit to permit their execution before either the clerk of the circuit court or a notary public. We have incorporated other nonsubstantive comments and editorial suggestions received from interested parties.
*818 It is our belief that, with these changes, the simplified dissolution procedure will be applicable in a greater number of cases than any other similar procedure in the nation. We request that, after an initial one-year period, the Clerks of the Circuit Courts, the Circuit Judges Conference, and The Florida Bar advise this Court as to any suggested changes necessary to improve the simplified procedure. We adopt Florida Rule of Civil Procedure 1.611 and Forms 1.943(b), (c), (d), (e), and 1.995(b), as modified. The rule and forms are set forth in the appendix to this order. They shall become effective on June 1, 1984, at 12:01 a.m. The Florida Bar may proceed to prepare an instructional pamphlet to aid the parties and clerks in the use of this procedure.
It is so ordered.
ALDERMAN, C.J., and ADKINS, MCDONALD, EHRLICH and SHAW, JJ., concur.
BOYD, J., dissents with an opinion.

Appendix

Rule 1.611. Dissolution of Marriage (Divorce)
(a)Financial Statement. Every application for temporary alimony, child support, attorneys’ fees or suit money shall be accompanied by an affidavit specifying the party’s financial circumstances. The affidavit shall be served at the same time that notice of hearing on the application is served. The opposing party shall make an affidavit about his financial circumstances and shall serve it before or at the hearing. If no application for a temporary award is made, the parties shall make and serve the affidavits at least 10 days before the trial if permanent alimony, child support, attorneys’ fees or suit money is sought. If a party is not represented by an attorney, sufficient time will be allowed the party to prepare the required affidavit at hearing or trial. The affidavits shall be in substantially the form approved by the Supreme Court. On the request of either party the affidavits and any other financial information may be sealed.
(b) Payment to Public Officer.
(1) If the chief judge of the circuit by administrative order authorizes the creation of a central governmental depository for the circuit or county within the circuit to receive, record and disburse all support alimony or maintenance payments, as provided in Fla.Stat. (1983) § 61.181, the court may direct that payment be made to the officer designated in the administrative order.
(2) If the court so directs, the payments shall be made to the officer designated. The officer shall keep complete and accurate accounts of all payments received. Payments shall be made by cash, money order, cashier’s or certified check. The officer shall promptly disburse the proceeds to the party entitled to receive them under the judgment or order. Payment may be enforced by the party entitled to it or the court may establish a system under which the officer issues a motion for enforcement and a notice of hearing in the form approved by the Supreme Court. The motion and notice shall be served on the defaulting party in person or by mail. At the hearing the court shall enter an appropriate order based on the testimony presented to it.

(c) Simplified Dissolution Procedure.

(1) The parties to the dissolution may file a petition for simplified dissolution if they certify under oath that: There are no minor or dependent children of the parties and the wife is not now pregnant; the parties have made a satisfactory division of their property and have agreed as to payment of their joint obligations; and the other facts set forth in Form 1.943(b) are true.

(2) The clerk shall submit the petition to the court. The court shall expeditiously consider the cause. The parties shall appear before the court in every case and, if the court so directs, testify. The court, after examination of the petition and personal appearance of the parties, shall enter a judgment granting the dissolu-

*819
tion if the requirements of this subsection have been established and there has been compliance with the waiting period required by statute.

(3) Corroboration of the residency of the parties may be by affidavit in substantially the form provided in Form 1.343(c). The Financial Affidavit, Form 1.943(d), and the Property Settlement Agreement, Form 1.943(e), may be used when appropriate.

(4) Upon the entry of the judgment, the clerk shall furnish to each party a certified copy of the final judgment of dissolution, which shall be in substantially the form provided in Form 1.995(b).

(5) The clerk shall provide forms for the parties whose circumstances meet the requirements of this subsection and shall assist in the preparation of the petition for dissolution and other papers to be filed in the action.

Form 1.943(a). (No change from previous Form 1.943 — Petition for Dissolution of Marriage)
Form 1.943(b). Petition for Simplified Dissolution of Marriage
The petition of Husband and Wife shows:
1. This is a petition for dissolution of marriage.
2. The Husband and the Wife or one of them has been a resident of Florida for at least six (6) months immediately prior to filing this petition.
[[Image here]]
4. The marriage between the parties is irretrievably broken.
5. There are no minor or dependent children of the parties and the Wife is not pregnant.
6. The parties have made provisions for the division of their property and the payment of their joint obligations. They are satisfied with those provisions.
[The property settlement agreement entered into by the parties and a financial affidavit from each party are attached.]
7. The parties understand that they may have legal rights against each other arising out of the marital relationship and that by signing this petition they may be giving up those rights.
8. Each party certifies that he/she has not been threatened or pressured into signing this petition. Each understands that the result of signing this petition may be a final dissolution of the marriage with no further relief.
9. The parties understand that they are required to appear before the judge to testify as to the matters contained in this petition.
10. The address of each party is as stated below.
[[Image here]]
Wherefore, Husband and Wife ask the Court to dissolve the marriage existing between them.
UNDER PENALTY OF PERJURY, WE CERTIFY THE FOREGOING FACTS ARE TRUE.
[[Image here]]
SWORN TO AND SIGNED before me this _day of_, 19—
CLERK OF THE CIRCUIT COURT
By - DEPUTY CLERK
(NOTE: The property settlement agreement and financial affidavits should be used only when the circumstances are appropriate for their inclusion in the proceeding.)
Form 1.943(c). Certificate of Corroborating Witness
UNDER PENALTY OF PERJURY I CERTIFY that I am a resident of the State of Florida; I have known (insert name of Husband or Wife) for more than six (6) *820 months preceding this date and I know of my own personal knowledge that such person has resided in the State of Florida for at least that period of time.
Witness’ Signature
Witness’ Name Typed
_
-
- Witness’ Residence Address
SWORN TO AND SIGNED before me this _day of_, 19—
CLERK OF THE COURT OR NOTARY PUBLIC
Form 1.943(d). Financial Affidavit for Simplified Dissolution of Marriage STATE OF FLORIDA
COUNTY OF_
Before me, the undersigned authority, personally appeared-, who was sworn and says that the following statement of affiant’s income, assets, and liabilities is true:
Occupation-
Employed by --
Business address -
Pay period -
Item 1: INCOME (Averaged on-Basis):
Average GROSS Wage $_
Less Deductions
Federal Income Tax $_
Social Security $_
Other $_
Total Deductions $_
Average NET Wage $_
Other Income
- $-
- $-
TOTAL NET INCOME $_
Item 2: ASSETS
Cash on hand or in banks $_
Stocks, bonds, notes $_
Real estate
Home $_
Other • $_
Automobiles $_
Other personal property $_
Other assets
[[Image here]]
$.
TOTAL ASSETS $
Item 3: LIABILITIES
Real estate mortgages $.
Automobile loans $.
Other Notes and Loans $.
Other
$■
_ $.
TOTAL LIABILITIES $.
Affiant
Sworn to and subscribed before me this _day of_, 19_
CLERK OF THE COURT OR NOTARY PUBLIC
(NOTE: A financial affidavit may not be necessary in every case, particularly where the parties have already completed a division of their property. A financial affidavit would be appropriate, however, where there is a continuing obligation of one or both parties because of the property agreement.)
Form 1.943(e). Property Settlement Agreement for Simplified Dissolution of Marriage
We, - (the Husband) and -(the Wife) were married on-Because irreconcilable differences have caused the permanent breakdown of our marriage, we have made this agreement to settle once and for all what we owe to each other and what we can expect from each other. Each of us states that nothing has been held back, that we have honestly included everything we could think of in listing the money and goods that we own; and each of us states that we believe the other one has been open and honest in writing up this agreement. Each of us agrees to sign and exchange any papers that might be needed to complete this agreement.

Division of Property

We divide our property as follows:
1. Husband transfers to Wife as her sole and separate ^property:
*821 A.
B.
C.
D.
E.
F.
G.
2. Wife transfers to Husband as his sole and separate property:
A.
B.
C.
D.
E.
F.
G.

Division of Debts

1. Husband shall pay the following debts and will not at any time hold Wife responsible for them:
A.
B.
C.
D.
E.
2. Wife shall pay the following debts and will not at any time hold Husband responsible for them:
A.
B.
C.
D.
E.
Dated: _ Dated: -
Husband Wife
Form 1.995(a). (No change from previous Form 1.995 — Final Judgment Dissolving Marriage)
Form 1.995(b). Final Judgment Dissolving Marriage under Simplified Dissolution Procedure.
This action came before the Court upon the petition of the parties for dissolution of their marriage. Upon consideration thereof,
IT IS ADJUDGED that the bonds of marriage between Husband, A.B., and Wife, C.D., are dissolved.
(If applicable) IT IS FURTHER ADJUDGED that the Wife’s former name is restored and she shall hereafter be known as_
(If applicable) IT IS FURTHER ADJUDGED that the property settlement agreement filed in this proceeding as Exhibit _ was executed voluntarily after full disclosure and is approved and incorporated in this judgment by reference, and the parties are ordered to comply with it.
ORDERED at_, Florida, on this_day of_, 19_
CIRCUIT JUDGE
(NOTE: This final judgment is subject to the provisions of Fla.Stat. (1983) § 61.19 which relates to a required 20-day waiting period.)
BOYD, Justice, dissenting.
Few experiences in life have greater significance than marriage and divorce. Neither should be entered into in a frivolous manner.
Without legal advice marriage partners do not know their rights and obligations. Certainly, no one should expect busy trial judges to counsel with or advise domestic relations litigants who appear before them.
Society has an interest in preserving marriages for many reasons. The institution of marriage is a cornerstone of civilization and the state should not try to make termination of marriages so easy that it actually invites divorce.
An argument is made that some people who seek divorces are not able to pay legal fees. With lawyers on television offering cut-rate fees of about one hundred dollars and with many lawyers doing free legal work for the poor, surely no truly needy person would be denied access to courts for economic reasons.
*822 Although I greatly appreciate the work done by members of The Florida Bar in proposing this rule, I respectfully dissent.