PER CURIAM.
Roosevelt McCarty petitions this court for a writ of mandamus, contending that respondent Circuit Judge Kim Skievaski is improperly refusing to act on his petition for simplified dissolution of marriage. Because we find that Judge Skievaski has properly interpreted Florida Rule of Civil Procedure 1.611, we deny the petition.
Florida Rule of Civil Procedure 1.611(c) provides for a simplified procedure for dissolution of marriage. The parties seeking this relief must certify under oath that there are no dependent children and that the wife is not now pregnant and that they have made a satisfactory division of their property and obligations. Subdivision (c)(2) provides:
The clerk shall submit the petition to the court. The court shall expeditiously consider the cause. The parties shall appear before the court in every case and, if the court so directs, testify. The court, after examination of the petition and personal appearance of the parties, shall enter a judgment granting the dissolution if the requirements of this subdivision have been established and there has been compliance with the waiting period required by statute.
Mr. McCarty, who is incarcerated, sought to employ this procedure but waived his personal appearance or requested a telephone hearing. It was also asserted and confirmed by affidavit that Mrs. McCarty is currently residing in Texas and waived her right to appear at a hearing. Judge Skievaski has taken the position that the simplified procedure of rule 1.611(c) is unavailable unless both parties appear before him. We agree that this interpretation of the rule is correct.
Although our research revealed no reported appellate decisions on this question, the plain language of the rule supports respondent’s position. Further, the comments of Justice Overton in the Supreme Court’s opinion adopting this rule make clear that the personal appearance requirement of rule 1.611(c)(2) may not be waived:
We have, however, eliminated the limitation suggested by the Florida Bar and the Matrimonial Law Commission that the parties shall have been married for five years or less. Such a limitation, we find, is not necessary when the parties are required to appear before a judge.
The Florida Bar Re: Amendment to Florida Rules of Civil Procedure (Dissolution of Marriage), 450 So.2d 810, 811 (Fla.1983). The following remarks appear in the same opinion:
In adopting a simplified dissolution procedure, we find that in order to properly protect the interests of the parties and the interests of the state, the parties should personally appear before a judge, who *1115 should review the papers filed in the action and make whatever inquiry of the parties necessary to ensure that they meet the criteria for entry of final judgment of dissolution.
Id. at 812.
We therefore find that Judge Skievaski was correct in refusing to grant a simplified dissolution without the appearance of both parties in court. Accordingly, the petition for writ of mandamus must be and is hereby DENIED.
JOANOS, WOLF and DAVIS, JJ., concur.