*595 ORDER AND OPINION OF SUPREME COURT OF FLORIDA ADOPTING FLORIDA STANDARD JURY INSTRUCTIONS IN CRIMINAL CASES
OVERTON, Justice.
This cause is before this Court upon the report of the Supreme Court Committee on Standard Jury Instructions in Criminal Cases, which recommended: (1) revision of the current standard jury instructions; (2) bifurcation of the instructions by giving certain general instructions at the beginning of the trial; (3) approval of instructions and a handbook for grand jurors; (4) establishment of a table of lesser included offenses; and (5) a requirement that felony murder be specifically charged. Also before us is a petition from the Conference of County Judges to approve standard jury instructions in misdemeanor cases.
The current petit jury instructions in criminal cases were adopted in 1970 and amended in 1976. In 1977 this Court requested the committee to revise and modify the instructions to make them more easily understood by citizen jurors, to consider the approval of instructions and a handbook for a grand jury, and to establish a schedule of lesser included offenses.
The extensive and dedicated efforts of the committee resulted in recommendations and a proposed complete revision of the instructions filed on March 7, 1980. We received comments from the Criminal Law Section of The Florida Bar, the Florida Public Defenders Association, and individual members of the judiciary and the practicing bar. After receipt of these comments, the committee filed revised proposals on December 30, 1980, with one modification filed February 23, 1981.

Criminal Instructions Generally

We have considered all comments and have determined the revised instructions submitted by the committee should be adopted as finally proposed, with some minor modifications.
We recognize that there was a dispute within the committee concerning the instruction on reasonable doubt; we approve the instruction as proposed.
We note that the Criminal Law Section of The Florida Bar approved the instructions as proposed except for the elimination of the instruction on circumstantial evidence. We find that the circumstantial evidence instruction is unnecessary. The special treatment afforded circumstantial evidence has previously been eliminated in our civil standard jury instructions and in the federal courts. Holland v. United States, 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150 (1954). The Criminal Law Section’s criticism of this deletion rests upon the assumption that an instruction on reasonable doubt is inadequate and that an accompanying instruction on circumstantial evidence is necessary. The United States Supreme Court has not only rejected this view but has gone even further, stating:
[T]he better rule is that where the jury is properly instructed on the standards for reasonable doubt, such an additional instruction on circumstantial evidence is confusing and incorrect....
Id. at 139-40, 75 S.Ct. at 139 (1954). The elimination of the current standard instruction on circumstantial evidence does not totally prohibit such an instruction if a trial judge, in his or her discretion, feels that such is necessary under the peculiar facts of a specific case. However, the giving of the proposed instructions on reasonable doubt and burden of proof, in our opinion, renders an instruction on circumstantial evidence unnecessary.

Instructions in Misdemeanor Cases

Beginning in January of 1978, the Criminal Law Reform and Rules Committee of the Conference of County Judges of Florida commenced a project to draft standard jury instructions for misdemeanor cases. The conference consulted with this Court’s standing committee on jury instructions in criminal eases, and the proposed misdemeanor instructions conform generally to the format of the proposed revisions for criminal cases.
*596 We have reviewed the proposed instructions and find that five of the offenses covered—carrying concealed weapons, criminal mischief, trespass in a structure or conveyance, trespass on property other than a structure or conveyance, and child abuse— are covered, although not identically, by the above-discussed proposed revisions in the instructions for criminal cases. To ensure uniformity and avoid possible litigation, we direct that the proposed instructions submitted by the Standard Jury Instructions Committee be used for these five misdemeanor offenses. The remaining misdemeanor instructions are approved.

Bifurcation

We approve the recommendation of the committee that the trial judge be authorized in his discretion to bifurcate his charge to the jury by giving a portion of the general instructions prior to the taking of evidence, with the remaining instructions being given at the close of the evidence and after argument of counsel. The following instructions may be given prior to the taking of evidence: 2.02 and 2.02(a), 2.03, 2.04 [but not the instructions in 2.04(a) through (e) ], 2.05, and 2.07. When bifurcating the instructions, the trial judge should repeat instructions 2.02, 2.02(a), 2.03 and 2.04 after argument of counsel. Although this bifurcation is left to the judge’s discretion, we believe, as did the committee, that giving the above-numbered instructions at the beginning of the case will provide the jury with a better understanding of their responsibilities and duties. We therefore encourage the use of this jury instruction technique.

Grand Jury Instructions

In accordance with our request, the committee has submitted proposed uniform instructions for the charging of a grand jury. Further, a handbook for grand jurors to supplement the charge by the court and to aid them in their responsibilities has been submitted for our approval. This project has long been advocated by the Grand Jury Association of Florida, which has reviewed and approved both the handbook and the instructions. We also approve the instructions and handbook and find that they will provide an excellent, uniform means to instruct a grand jury in clear, concise terms.

Lesser Included Offenses

The 1977 order designating the continuing Committee on Standard Jury Instructions in Criminal Cases requested the committee to review the entire procedure for inclusion of lesser included offenses, recommend any desired rule changes on the subject, and establish a schedule of lesser included offenses for each criminal offense. The committee has recommended consolidating to two the four categories of lesser included offenses established by this Court in Brown v. State, 206 So.2d 377 (Fla.1968). The four Brown categories are:
1. Crimes divisible into degrees.
2. Attempts to commit offenses.
3. Offenses necessarily included in the offense charged.
4. Offenses which may or may not be included in the offenses charged, depending on the accusatory pleading and the evidence.
The committee recommended treating lesser degrees as category 3 or 4 offenses, depending on the offense, and treating attempts as a category 4 offense, thereby eliminating the first two Brown categories as separate categories and leaving:
1. Offenses necessarily included in the offense charged, which will include some lesser degrees of offenses.
2. Offenses which may or may not be included in the offense charged, depending on the accusatory pleading and the evidence, which will include all attempts and some lesser degrees of offenses.
Attempts, lesser degrees, and the lesser included offenses are the subjects of Florida Rules of Criminal Procedure 3.510 and 3.490, respectively. Rule 3.510 provides:
Upon an indictment or information upon which the defendant is to be tried for any offense the jurors may convict the defendant of an attempt to commit *597 such offense if such attempt is an offense, or may convict him of any offense which is necessarily included in the offense charged. The court shall charge the jury in this regard.
Rule 3.490 provides:
If the indictment or information charges an offense which is divided into degrees, without specifying the degree, the jurors may find the defendant guilty of any degree of the offense charged; if the indictment or information charges a particular degree the jurors may find the defendant guilty of the degree charged or of any lesser degree. The court shall in all such cases charge the jury as to the degrees of the offense.
These rules and their predecessor statutes have been interpreted in our decision in Brown and in later cases to require instructions on attempts and on all lesser degrees of an offense even when there is no evidence of such.
We agree with the recommendation of the committee to change these rules. The present rules have required instructions to the jury for offenses for which there is no support in the evidence and no argument by counsel, and as a result have caused jury confusion. It was this circumstance that led us to request the committee to recommend a table of lesser included offenses and modifications of our rules.
We do not view these changes as invasions by the trial judge into the province of the jury — our concern in Lomax v. State, 345 So.2d 719 (Fla.1977). In Lomax a trial judge refused to give a requested lesser offense instruction solely because there was ample evidence to support a guilty verdict on the higher offense. This is to be distinguished from the instant changes, which will eliminate the need to give a requested lesser offense, not necessarily included in the charged offense, when there is a total lack of evidence of the lesser offense.
The schedule of lesser included offenses is designed to be as complete a listing as possible for each criminal offense of the possible category 3 and category 4 lesser included offenses, which we direct to be renumbered category 1 and category 2. After its effective date of July 1, 1981, this schedule will be an authoritative compilation upon which a trial judge should be able to confidently rely. We are releasing the schedule with this opinion in order to receive commentary from the bench and bar as to its accuracy or completeness. We direct publication by The Florida Bar, in a manner of The Florida Bar’s choosing, of the attached schedule in order to facilitate such commentary, which should be submitted to this Court no later than June 1, 1981.
Subject to modification following commentary received by June 1, 1981, we intend to approve the table of lesser offenses, effective July 1, 1981. We direct the Supreme Court Committee on Standard Jury Instructions in Criminal Cases and the Criminal Procedure Rules Committee of The Florida Bar to jointly submit to this Court no later than June 1, 1981, proposed revisions of rules 3.510 and 3.490 consistent with this table of lesser included offenses and the committee’s recommendations. Until July 1, 1981, trial judges are directed to continue to follow the requirements of Brown and present rules 3.510 and 3.490.

Felony Murder Recommendation

The committee has recommended that we recede from our decision in Knight v. State, 338 So.2d 201 (Fla.1976), and expressly require specific allegations of felony murder in an indictment. The committee believes that this requirement will provide a defendant with more adequate notice and better identify the triable issues of premeditated murder, felony murder, or both. We reject the committee’s recommendation. However, we recognize there could be improvement in the manner in which a case is presented to the jury on alternate theories of felony murder and premeditated murder. One possible solution would be the use of special verdict forms for such cases, but we are reluctant to decide the wisdom of such a change without the opportunity for full comment from the bench, bar, and other interested parties. Therefore, we request *598 this Court’s Committee on Standard Jury Instructions in Criminal Cases, in cooperation with the Criminal Procedure Rules Committee of The Florida Bar, and any other interested person or association, to submit suggestions on this issue to the Court by July 1, 1981. If these suggestions necessitate any change of rule, instruction, or verdict form, such recommended changes should also be included. It is our intention to allow interested persons until September 15, 1981, to respond to any recommendations received in this matter.

Conclusion

The Court hereby authorizes the publication and use of the revised instructions in criminal cases and the instructions in misdemeanor eases, but without prejudice to the rights of any litigant objecting to the use of one or more of such approved forms of instructions. The Court recognizes that the initial determination of the applicable substantive law in each individual case should be made by the trial judge. Similarly, the Court recognizes that no approval of these instructions by the Court could relieve the trial judge of his responsibility under the law to charge the jury properly and correctly in each case as it comes before him. This order is not to be construed as any intrusion on that responsibility of the trial judges.
The Court is confident that the forms of instructions recommended by the committee and the Conference of County Court Judges state as accurately as experienced judges and lawyers could state the law of Florida in simple, understandable language. Accordingly, it is ordered by the Court:
1. The Florida Bar is authorized to publish and distribute the petit jury instructions and the grand jury instructions filed by the Supreme Court Committee on Standard Jury Instructions in Criminal Cases on December 30, 1980, as modified herein, and the misdemeanor instructions filed by the Conference of County Court Judges on June 27, 1980, as modified herein. All are approved for use by the bench and bar effective immediately.
2. The Florida Bar and the Grand Jury Association of Florida are authorized to publish and distribute the handbook for grand jurors filed by the Supreme Court Committee on Standard Jury Instructions in Criminal Cases on March 7, 1980, for use effective immediately.
3. Florida Rule of Criminal Procedure 3.985, Standard Jury Instructions, shall apply to the instructions including instructions in misdemeanor cases. The Criminal Procedure Rules Committee of The Florida Bar is directed to submit to this Court a technical revision of this rule to reflect the inclusion of misdemeanor instructions.
4. The Florida Bar is directed to publicize the schedule of lesser included offenses as noted herein. We approve use of the schedule, effective July 1, 1981, subject to modifications following comments received by the Court not later than June 1, 1981.
5. The Standard Jury Instructions Committee is directed, in conjunction with the Criminal Procedure Rules Committee of The Florida Bar, to consider the possible use of special verdict forms in felony murder cases and to submit revisions of rules 3.510 and 3.490 consistent with the views expressed herein. All such revisions and suggestions should be submitted to the Court by the dates set forth in this opinion.

Commendations

We conclude by thanking and commending the Supreme Court Committee on Standard Jury Instructions in Criminal Cases— consisting of Judge B.J. Driver (chairman), Bennett H. Brummer, Judge Harry L. Coe III, Preston DeMilly (reporter), George R. Georgieff, Judge Stephen Grimes, Robert C. Josefsberg, David U. Strawn, and Quillian S. Yancey — for a long and tedious job well done. As in the past, the members of the bench and bar who shall constitute the continuing committee shall be reappointed or appointed by the Chief Justice and serve at his pleasure without compensation.
We also thank the Conference of County Court Judges for the efforts expended in drafting a much-needed first edition of standard jury instructions in misdemeanor cases.
Finally, we commend the Grand Jury Association of Florida for its persistent and *599 dedicated work in the development of instructions and a handbook for grand jurors.
It is so ordered.
BOYD, ENGLAND and McDONALD, JJ., concur.
SUNDBERG, C.J., concurs in part and dissents in part with an opinion, with which ADKINS, J., concurs: Also, I dissent to the proposed change in the instruction on reasonable doubt and the elimination of the instruction on circumstantial evidence except at the whim of the trial judge.
ALDERMAN, J., concurs in part and dissents in part with an opinion, with which BOYD, J., concurs.