PER CURIAM.
Although we reject appellant’s contention that the state's proof was insufficient as a matter of law to sustain a conviction for first degree murder, we are compelled to reverse and remand for a new trial on the authority of Richardson v. State, 246 So.2d 771 (Fla.1971).
The state presented testimony at trial of a witness to whom the appellant made a specific threat to kill the victim. The victim was killed later on the same night and the time, place and manner of killing were chillingly similar to the threat made by the appellant to the witness. Other persons also testified to threats against the victim made by the appellant. We believe this evidence was sufficient to create a jury issue as to appellant’s guilt or innocence.
We reverse for a new trial in accord with Richardson because we find that the state failed to disclose the results of tests done on the appellant’s clothing that possibly linked the appellant to the crime, until midway in the trial. Richardson absolutely mandates a determination by the trial court as to whether the failure to disclose such evidence prejudiced the appellant’s ability to prepare for trial and defend against such evidence. The record reflects no such determination by the trial court despite the appellant’s objection to the evidence and the critical nature of the evidence. This evidence, taken in the light most favorable to the state, was the only physical evidence linking the appellant to the crime. In addition, the test results and testimony of the state’s expert indicated an uncertainty as to whether the evidence was reliable in linking the appellant to the crime. While the appellant seeks a ruling that the evidence should not be admitted in a retrial, we stop short of such a ruling but caution that the evidence should be closely scrutinized if offered again at trial.
We also agree with appellant that no reference to appellant’s photograph coming from prior police records should be allowed upon retrial. We reject appellant’s claim that the trial court erred in denying a proposed instruction on circumstantial evidence. That will be a matter to be decided in the trial court’s discretion on retrial. See In re Standard Jury Instructions in Criminal Cases, 431 So.2d 594 (Fla.1981).
Accordingly, we reverse and remand for a new trial in accord with the above.
ANSTEAD and DELL, JJ., and WARNER, MARTHA C., Associate Judge, concur.