565 So.2d 698 (1990)
Thomas HIGGINS, Petitioner,
v.
STATE of Florida, Respondent.
No. 75110.
Supreme Court of Florida.
July 12, 1990.
Barbara M. Linthicum, Public Defender, and Nancy L. Showalter, Asst. Public Defender, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen., and Edward C. Hill, Jr., Asst. Atty. Gen., Tallahassee, for respondent.
McDONALD, Justice.
We review Higgins v. State, 553 So.2d 177, 179 (Fla. 1st DCA 1989), because the court certified the following question:
IS SECTION 806.01(2), FLA. STAT., SECOND DEGREE ARSON, A NECESSARILY INCLUDED OFFENSE OF § 806.01(1), FLA. STAT., FIRST DEGREE ARSON?
*699 We have jurisdiction under article V, section 3(b)(4), Florida Constitution, and answer the question in the negative.
By information the state charged that Higgins "unlawfully and willfully, by fire or explosion, damage[d] or cause[d] to be damaged a structure or contents thereof where persons are normally present," contrary to subsection 806.01(1)(b), Florida Statutes (1987).[1] The evidence disclosed that Higgins set fire to the mattress in his cell at the Union Correctional Institution. There was no claim, or evidence, that the building was damaged in any way.
Higgins requested in writing that a lesser charge of criminal mischief be given and verbally requested a charge on second-degree arson. The trial judge ruled this latter charge inapplicable, but grudgingly gave an instruction on attempted first-degree arson and on criminal mischief so that the jury could exercise its "jury pardon" powers if it decided to do so. The verdict form gave the jury four options: (1) guilty of first-degree arson; (2) guilty of attempted first-degree arson; (3) guilty of criminal mischief; and (4) not guilty. The jury convicted Higgins of first-degree arson. Higgins claims reversible error because of the failure to charge on second-degree arson.
In addressing whether the crime proscribed by subsection 806.01(2) is a necessarily lesser included offense of the crime defined in subsection 806.01(1), the district court opined:
The term "necessarily lesser included offense" is self-defining. If the greater offense is proved the lesser offense is also necessarily proved. The lesser included offenses have no element that are not also necessarily a part of the proof of the greater offense. Therefore, if all essential elements of a lesser offense are included within the elements of the greater offense, the lesser offense is a necessarily included lesser offense. Section 806.01(1) first degree arson, does not include all of the elements of § 806.01(2) second degree arson, and the proof of first degree arson does not and cannot constitute proof of second degree arson. Proof of damage to any structure described in first degree arson would prevent the proof of second degree arson because second degree arson covers damage only to structures not described in first degree arson. In addition, first degree arson can be proved by damage to specified structures or their contents, but proof of damage to the contents in a structure described in first degree arson would not constitute proof of second degree arson because second degree arson requires proof of damage to a structure only. Therefore, second degree arson is not a lesser included offense of first degree arson. Bell v. State, 437 So.2d 1057 (Fla. 1983); Borges v. State, 415 So.2d 1265 (Fla. 1982); Larkins v. State, 476 So.2d 1383 (Fla. 1st DCA 1985); Benjamin v. State, 462 So.2d 110 (Fla. 5th DCA 1985).
*700 Id. at 178-79 (emphasis in original). On the facts in this case the district court reached the correct conclusion.
We hasten to add that, although second-degree arson is not a necessarily included offense of first-degree arson, it is, under certain circumstances and evidence, a proper permissive lesser included offense of first-degree arson.[2] For instance, had the charge and proof been that Higgins set fire to a building normally occupied by a large number of people, then a second-degree charge should also be given. A parallel discussion exists in Green v. State, 475 So.2d 235 (Fla. 1985), wherein Justice Overton, speaking for the Court, discussed the applicability of a third-degree murder instruction in a first-degree murder case.
The contention can no longer stand that because arson is a degree crime, a second-degree charge is mandated. In Green we noted:
Rule 3.490 now provides for the determination of the degree of offense for which a defendant may be convicted and reads as follows:
If the indictment or information charges an offense divided into degrees, the jury may find the defendant guilty of the offense charged or any lesser degree supported by the evidence. The judge shall not instruct on any degree as to which there is no evidence.

(Emphasis added.) Rule 3.510, as it is presently written, provides for the determination of lesser included offenses for which a defendant may be convicted and reads, in part, as follows:
Upon an indictment or information upon which the defendant is to be tried for any offense the jury may convict the defendant of:
.....
(b) any offense which as a matter of law is a necessarily included offense or a lesser included offense of the offense charged in the indictment or information and is supported by the evidence. The judge shall not instruct on any lesser included offense as to which there is no evidence.

(Emphasis added.)
Id. at 237. Thus, if the evidence would not support a conviction for second-degree arson, the trial judge did not err in refusing to give such an instruction. The burning of a building is a necessary ingredient of second-degree arson; it does not exist in this case.
As previously stated, the court afforded the jury an opportunity to convict of a lesser crime by charging on attempted arson and criminal mischief. There was no error in failing to instruct on second-degree arson in this case. Therefore, we approve the district court's affirmance of Higgin's conviction.
It is so ordered.
SHAW, C.J., and OVERTON, EHRLICH, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[1] § 806.01, Fla. Stat. (1987), reads as follows:

806.01 Arson. 
(1) Any person who willfully and unlawfully, by fire or explosion, damages or causes to be damaged:
(a) Any dwelling, whether occupied or not, or its contents;
(b) Any structure, or contents thereof, where persons are normally present, such as: Jails, prisons, or detention centers; hospitals, nursing homes, or other health care facilities; department stores, office buildings, business establishments, churches, or educational institutions during normal hours of occupancy; or other similar structures; or
(c) Any other structure that he knew or had reasonable grounds to believe was occupied by a human being,
is guilty of arson in the first degree, which constitutes a felony of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
(2) Any person who willfully and unlawfully, by fire or explosion, damages or causes to be damaged any structure, whether the property of himself or another, under any circumstances not referred to in subsection (1), is guilty of arson in the second degree, which constitutes a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
(3) As used in this chapter, "structure" means any building of any kind, any enclosed area with a roof over it, any real property and appurtenances thereto, any tent or other portable building, and any vehicle, vessel, watercraft, or aircraft.
(Emphasis added.)
[2] § 806.01(2) arson is listed as a necessarily lesser included offense of § 806.01(1) arson in the Schedule of Lesser Included Offenses to the Florida Standard Jury Instructions (Criminal). We hereby amend that schedule by moving § 806.01(2) arson from the first category to the second, i.e., permissive lesser included offenses.