932 So.2d 524 (2006)
David MOORE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-2115.
District Court of Appeal of Florida, Fourth District.
June 21, 2006.
Rehearing Denied July 25, 2006.
*525 Carey Haughwout, Public Defender, and Gregory J. Morse, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and James J. Carney, Assistant Attorney General, West Palm Beach, for appellee.
MAY, J.
The defendant appeals his conviction and sentence for first degree arson. He argues the court erred in failing to instruct the jury on the lesser-included offenses of second degree arson, attempted second degree arson, and criminal mischief. We agree in part and reverse.
The defendant and his mother lived in a mobile home park. The defendant's mother supported him financially, and had either given him or was about to give him the mobile home. The defendant was a heavy smoker and drinker.
*526 On the evening of July 5, 2003, the defendant had a late meal, some beer, and conversation at a neighbor's home. While there, the defendant twice told the neighbor "he was going to torch the place." The neighbor awoke around two o'clock to see flames engulfing the defendant's mobile home. When she evacuated her home, the neighbor saw the defendant sitting in a chair at the end of his driveway.
Another neighbor also awoke to see the flames. Each time the fire exploded, she saw the defendant grin and nod his head affirmatively. She approached the defendant and asked him if he set the fire. The defendant responded, "H___, yes. I told you I was going to." One of the responding officers overheard this discussion.
The Margate police also observed the defendant sitting in the chair approximately ten feet from the blaze with one beer in his hand and another six-pack nearby. When the officer approached, the defendant stated: "It's my house. I'm watching it. Yeah, I did it." He was later heard telling one of the fire marshals that he did not know how the fire started.
The fire marshal opined the fire originated on the patio near a stuffed chair. The fire did not appear to have been caused by electrical wiring or by a sloppy smoker. He classified the fire as arson without the use of an accelerant. The State charged the defendant with first degree arson in violation of section 806.01(1)(a), Florida Statutes (2003).
At the charge conference, the defendant requested jury instructions on second degree arson, attempted second degree arson, and criminal mischief. The discussion at the charge conference focused on the definition of "dwelling," whether second degree arson was a lesser included offense of first degree arson, and whether it was lawful to give the criminal mischief instruction when the defendant adamantly maintained the mobile home belonged to him. The court denied the requested instructions.
Slightly less than three hours after deliberations began, the jury was deadlocked. After being instructed by the court to continue deliberating, the jury found the defendant guilty of first degree arson. Once the jury had been polled, the jury foreman told the court the following: "Your Honor, if it please the Court, not being educated in proper procedure, we, the jury, would also like to respectfully plead for leniency in your sentencing of the defendant. On this we are all unanimous."
The next day, the jury foreman contacted defense counsel to advise that some of the jurors may not have been truthful in their disclosures during voir dire. He told defense counsel the jury had a high degree of sympathy for the defendant because no one had been physically injured and no one else's property damaged. The foreman indicated the guilty verdict had been reached after the jurors agreed to make a unanimous plea for leniency in exchange for a guilty vote from the single hold-out juror.
The defendant moved for leave to interview the jurors and for a new trial. The court denied both motions. The court sentenced the defendant to ten years imprisonment followed by ten years probation with credit for 320 days.
The defendant argues the trial court erred when it denied his request for jury instructions on second degree arson, attempted second degree arson, and criminal mischief as permissive lesser-included offenses. The State responds that the allegations in the Information and the evidence did not support the requested jury instructions. As to the instruction on second degree arson, the State argues the charge is mutually exclusive of the charge *527 of first degree arson because it is a catch-all for whatever fire falls outside of a first degree arson charge. As to the attempt instruction, the State argues that because the fire was a completed act, an instruction on attempt was improper. As to the criminal mischief instruction, the State argues the defendant was not entitled to the instruction because he insisted the mobile home belonged to him and not to another.
Rule 3.510 of the Florida Rules of Criminal Procedure provides:
On an indictment or information on which the defendant is to be tried for any offense the jury may convict the defendant of:
. . .
(b) any offense that as a matter of law is a necessarily included offense or a lesser included offense of the offense charged in the indictment or information and is supported by the evidence. The judge shall not instruct on any lesser included offense as to which there is no evidence.
Necessarily lesser-included, category one, offenses are those "necessarily included in the offense charged, which will include some lesser degrees of offenses." In re Standard Jury Instructions in Criminal Cases, 431 So.2d 594, 596 (Fla. 1981). Permissive lesser-included, category two, offenses are those "which may or may not be included in the offense charged, depending on the accusatory pleading and the evidence, which will include all attempts and some lesser degrees of offenses." Id. The schedule of lesser included offenses is designed to be a complete, authoritative compilation that is presumed to be correct and upon which a trial court can confidently rely. Id. at 597; Ray v. State, 403 So.2d 956, 961 n. 7 (Fla.1981). It is reversible error for a trial court to deny a requested instruction on the next lesser-included offense of the one charged, even if it is category two, if the charging instrument and the evidence admitted would support a conviction on the next lesser offense. State v. Abreau, 363 So.2d 1063 (Fla.1978); State v. Daophin, 533 So.2d 761 (Fla.1988); Boland v. State, 893 So.2d 683, 686 (Fla. 2d DCA 2005).
The State "charge[d] that David Moore on the 6th day of July, A.D.2003,. . ., did willfully and unlawfully, by fire or explosion, damage or cause to be damaged a dwelling, located at . . ., contrary to F.S. 806.01(1)(a)." The evidence consistently established the mobile home was used as a residence and that the fire was a completed act. The evidence, however, conflicted on who owned the mobile home.
In Higgins v. State, 565 So.2d 698 (Fla. 1990), the Supreme Court of Florida held that second degree arson is not a necessarily lesser-included offense of first degree arson. In fact, based upon Higgins, the supreme court amended the schedule to move second degree arson from a category one to a category two, permissive lesser-included, offense. Id. at 700 n. 2. That schedule also listed criminal mischief (value from $200-$1,000) as a necessarily-lesser included offense. Standard Jury Instructions  Criminal Cases No. 92-1, 603 So.2d 1175, 1256 (Fla.1992).[1]
In 1998, our supreme court again amended the schedule. This time the criminal mischief charge was moved from a category one to a category two offense. Standard Jury Instructions in Criminal Cases (97-2), 723 So.2d 123, 130 (Fla.1998). This left no necessarily lesser-included, *528 category one, offenses for first degree arson.
The primary difference between first and second degree arson is the issue of occupancy. First degree arson applies to dwellings, institutions during normal hours of occupancy, and structures that the defendant either knew or had reasonable grounds to believe were occupied. Second degree arson applies to all other structures.
Here, the evidence established, and no one disputed, the mobile home was used as a dwelling. While a structure is not always a dwelling, a dwelling is always a structure within the broad definition of the term "structure" found in the arson statute, section 806.01(3), Fla. Stat. (2002). Therefore the charging document alleged facts sufficient to establish second degree arson. And, the evidence, while undisputedly establishing the structure was a dwelling, necessarily supported the second degree arson charge.
As our supreme court noted: "[t]he fact that the evidence was overwhelming that the [defendant committed the crime charged] does not preclude giving the [permissive lesser-included] instruction upon request." Amado v. State, 585 So.2d 282, 283 (Fla.1991); accord Wimberly v. State, 697 So.2d 1272, 1273 (Fla. 4th DCA 1997). This is because Florida adheres to the jury's right to exercise its "pardon power."[2]Amado, 585 So.2d at 283. Because second degree arson is a permissive lesser-included offense, and both the charging document and the evidence supported a finding that the mobile home was a nonresidential, unoccupied structure, the court erred in denying the requested instruction.
The court correctly refused to instruct the jury on attempted second degree arson. The attempt instruction cannot be given when the evidence only supports a completed crime. See In re Standard Jury Instructions in Criminal Cases, 431 So.2d 594 (Fla.1981).
And lastly, the trial court correctly denied the defendant's request for an instruction on criminal mischief. While criminal mischief is also a permissive lesser-included offense, it applies to damage done only to the property of another. See § 806.13, Fla. Stat. (2002). The evidence conflicted on who owned the mobile home. The trial court offered to give the instruction as long as it reflected damage done to the property of another, but the defendant insisted the instruction reflect the property belonged to him. Because the crime of criminal mischief does not apply to someone damaging their own property, the defendant's requested instruction did not accurately reflect the law. Thus, the trial court properly refused to give the requested instruction.
Reversed and Remanded for a new trial.
STONE and GROSS, JJ., concur.
NOTES
[1] We note that second degree arson is still listed as a necessarily lesser-included offense of first degree arson in at least one schedule. Fla. Std. Jury Instr. (Crim.) 12.1, at 246 (The Florida Bar ed., 5th ed.2005).
[2] This is clearly a case in which the jury demonstrated an interest in pardoning the defendant by its request for leniency made following its verdict.