NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

VERNON STEVENS,           )
                          )
          Appellant,      )
                          )
v.                        )     Case No. 2D13-2148
                          )
STATE OF FLORIDA,         )
                          )
          Appellee.       )
                          )

Opinion filed June 24, 2016.

Appeal from the Circuit Court for Hendry
County; Christine Greider, Judge.

Howard L. Dimmig, II, Public Defender,
and Stephen M. Grogoza, Special
Assistant Public Defender, Bartow, for
Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Donna S. Koch,
Assistant Attorney General, Tampa, for
Appellee.


SALARIO, Judge.

Vernon Stevens appeals his convictions and sentences for first-degree

murder, first-degree arson of a dwelling, and robbery with a deadly weapon. Finding no

error, we affirm his convictions and sentences in all respects. We write solely to explain

why we reject his contention that he was entitled to a jury instruction on second-degree

arson of a structure under section 806.01(2), Florida Statutes (2007). We hold that an instruction on second-degree arson of a structure as a permissive, lesser included offense of first-degree arson of a dwelling is not required where, as here, the undisputed trial evidence demonstrates that the structure that is the subject of the arson charge was used exclusively as a dwelling, thereby excluding it from consideration as a second-degree arson offense under the plain language of the arson statute. In so doing, we certify conflict with Moore v. State, 932 So. 2d 524 (Fla. 4th DCA 2006).

The charges against Mr. Stevens arose from the savage murder of Tony Beltran by Mr. Stevens and Raymond Diaz. The graphic details of the offense are not important to the legal issue we address. What is important is that all of the events occurred at a trailer home in which Mr. Beltran lived with his wife and that, as far as the trial record is concerned, was used exclusively as the couple's dwelling. After beating and strangling Mr. Beltran to the point of death or unconsciousness—the evidence does not establish precisely when he died—Mr. Stevens and Mr. Diaz left the home and later returned with plans to burn it. Mr. Stevens provided Mr. Diaz with a can of gasoline, and Mr. Diaz lit the trailer on fire. Mr. Beltran was still inside.

The information under which Mr. Stevens was charged alleged that during the commission of the robbery of Mr. Beltran, Mr. Stevens, "by fire or explosion," damaged "a structure, to wit: a dwelling . . . or its contents," thereby committing first-degree arson of a dwelling under section 806.01(1)(a). Mr. Stevens did not dispute that the trailer home was a dwelling within the meaning of the statute; in fact, he conceded that it was the Beltrans' home. At trial, however, he requested that the jury be instructed on second-degree arson of a structure under section 806.01(2). His reason was that a dwelling under section 806.01(1)(a) is also a structure under sections 806.01(2) and

that the jury should have the opportunity to consider both the charged and the lesser included arson offenses. The trial court denied the request, finding that the evidence did not support an instruction on second-degree arson. We agree.

Lesser included offenses fall into two categories—necessary and permissive. Williams v. State, 957 So. 2d 595, 598 (Fla. 2007) (citing Sanders v. State, 944 So. 2d 203, 206 (Fla. 2006)). If the statutory elements of the lesser included offense are always subsumed by those of the charged offense, the lesser offense is deemed necessary. Id. A lesser offense is permissive, however, where "the two offenses appear to be separate [on the face of the statutes], but the facts alleged in the accusatory pleadings are such that the lesser [included] offense cannot help but be perpetrated once the greater offense has been." Sanders, 944 So. 2d at 206 (alterations in original); see also Coicou v. State, 39 So. 3d 237, 240 (Fla. 2010).

A trial court must instruct the jury on a necessary lesser included offense upon request by the defendant regardless of whether the evidence supports the instruction. Wong v. State, 184 So. 3d 1122, 1124 (Fla. 2d DCA 2015), review granted, SC15-2192, 2016 WL 934487 (Fla. Mar. 9, 2016). In contrast, a trial court is required to instruct the jury on a permissive lesser included offense only where (1) the charging document alleges all of the statutory elements of the lesser offense and (2) some evidence presented at trial establishes each of those elements. Khianthalat v. State, 974 So. 2d 359, 361 (Fla. 2008) (citing Jones v. State, 666 So. 2d 960, 964 (Fla. 3d DCA 1996)); see also Fla. R. Crim. P. 3.510. "[A]n instruction on a permissive lesser included offense is appropriate *only if* the allegations of the greater offense contain all the elements of the lesser offense and the evidence at trial would support a verdict on

- 3 -

the lesser offense." Khianthalat, 974 So. 2d at 361 (alteration in original) (quoting Williams, 957 So. 2d at 599).

Determining whether a jury instruction on second-degree arson was required in this case thus requires understanding the relationship between first- and second-degree arson under section 806.01. The difference between the two offenses primarily relates to the issue of human occupancy. Krantz v. State, 553 So. 2d 746, 747 (Fla. 5th DCA 1989) ("As can be seen, the difference between first degree arson and second degree arson concerns primarily human occupancy."). First-degree arson involves the burning of a building, and sometimes the contents of a building, that is or is likely to be occupied. Under section 806.01(1), it is committed when "[a]ny person . . . willfully and unlawfully, or while in the commission of any felony, by fire or explosion, damages or causes to be damaged" (a) "[a]ny dwelling, whether occupied or not, or its contents," (b) "[a]ny structure, or contents thereof, where persons are normally present," or (c) "[a]ny other structure that he or she knew or had reasonable grounds to believe was occupied." Second-degree arson under section 806.01(2) involves the burning of other structures that are not expressly listed in the first-degree arson statute: it hinges on whether the fire or explosion "damage[d] or cause[d] to be damaged any structure." The term "structure" is defined to include, among other things, "any building of any kind" and "any . . . portable building." § 806.01(3). The statutory definition of the term "structure" applies to both first- and second-degree arson.

Consistent with the arson statute's focus on treating the burning of buildings that are or are likely to be occupied more seriously than the burning of unoccupied ones, section 806.01(2) also provides that second-degree arson can be committed only "under any circumstances not referred to in subsection (1)"—i.e., only

- 4 -

under circumstances that do not constitute first-degree arson. Under the statute, then, acts constituting the offense of first-degree arson are expressly excluded from the scope of the offense of second-degree arson. By statutory design, the circumstances constituting first-degree arson cannot simultaneously constitute second-degree arson.

One implication of this statutory separation of the two degrees of arson is that second-degree arson cannot be a necessary lesser included offense of first-degree arson. The supreme court held as much in Higgins v. State, 565 So. 2d 698, 700 (Fla. 1990). There, a prison inmate was convicted of first-degree arson under section 806.01(1)(b), which applies to "a structure or contents thereof where persons are normally present," where there was evidence that the inmate burned his mattress but not the prison building itself. Id. at 699. Affirming the conviction, the Fourth District held that he was not entitled to a second-degree arson instruction and certified a question regarding whether second-degree arson is a necessary lesser included of first-degree arson. Id. at 698.

The supreme court answered that question in the negative and approved the Fourth District's affirmance of the conviction. Id. at 698-99. Explaining that "the district court reached the correct conclusion," the supreme court quoted at length from the Fourth District's opinion in the case, including the following passage:

> Section 806.01 first degree arson, does not include all of the elements of § 806.01(2) second degree arson, and the proof of first degree arson does not and cannot constitute proof of second degree arson. Proof of damage to any structure described in first degree arson would prevent the proof of second degree arson because second degree arson covers damage only to structures not described in first degree arson.

<u>Id.</u> at 699-700 (emphasis added) (quoting <u>Higgins v. State</u>, 553 So. 2d 177, 178-79 (Fla. 4th DCA 1989)). This confirms what the statute says: First- and second-degree arson are wholly separate, and one cannot be committed when the other has been.

The court did recognize, however, that "under certain circumstances and evidence" second-degree arson is a permissive lesser included offense of first-degree arson. <u>Id.</u> at 700. Those "circumstances and evidence" were not present in <u>Higgins</u>, however, because the evidence established only that Higgins burned a mattress in his prison cell, not the prison itself. <u>Id.</u> Because second-degree arson requires the element of burning an actual structure (a mattress does not count) while first-degree arson can also occur upon the burning of the contents of a structure that is normally occupied (a mattress does count), the evidence of first-degree arson in <u>Higgins</u>, involving only allegations of a burned mattress, did not support a permissive lesser included jury instruction on second-degree arson. <u>Id.</u> Put another way, the necessary second-degree element of a burned structure was not present in the evidence presented in <u>Higgins</u> so as to support an instruction on that offense. <u>See</u> <u>Khianthalat</u>, 974 So. 2d at 361.

<u>Higgins</u> did not specify the "circumstances and evidence" under which a trial court would be required to instruct a jury on second-degree arson as a lesser included offense of first-degree arson. In dictum, the opinion suggested that if the evidence had shown that the prison cell itself was set on fire instead of just the mattress, a requested permissive lesser included instruction for second-degree arson of a structure should have been given under the facts of the case. <u>See id.</u> at 700. That dictum does not, however, state or logically compel the conclusion that every time a structure is burned, a second-degree arson instruction should be given if requested. If it

did, the Higgins court's recognition that "first degree arson does not and cannot constitute proof of second degree arson" would make no sense.  See 565 So. 2d at 699 (quoting Higgins, 553 So. 2d at 178-79).  Except for the Fourth District's decision in Moore, however, we have been unable to locate any decision that gives content to Higgins' acknowledgement that there will be cases in which an instruction on second-degree arson should be given upon request in a first-degree arson case.

In Moore, the defendant set the trailer home in which he resided with his mother on fire and watched it burn.  932 So. 2d at 526.  The defendant was charged with first-degree arson, and at trial he requested an instruction on second-degree arson, which the trial court denied.  Id.  Although the evidence showed that the trailer home was only a dwelling and not any other type of structure, the Fourth District reversed, holding that a dwelling within the meaning of the first-degree arson statute is always a structure within the meaning of the second-degree arson statute.  Id. at 528 ("While a structure is not always a dwelling, a dwelling is always a structure within the broad definition of the term 'structure' found in the arson statute . . . .").  As such, the court concluded that instructions on both first- and second-degree arson should be given upon request even where there is no dispute that the structure involved was solely a dwelling within the meaning of the first-degree arson statute.  Id.

We agree with Moore that the definition of structure in section 806.01(3) includes both dwellings covered by the first-degree arson statute and various other structures covered by the second-degree arson statute.  That definitional fact does not suggest anything, however, about section 806.01(2)'s separate and explicit requirement that the circumstances constituting second-degree arson cannot simultaneously be circumstances constituting first-degree arson.  That requirement logically means that

- 7 -

second-degree arson cannot occur when there is no dispute that a structure covered by the first-degree arson statute has been burned.  Recognizing that a dwelling is a type of structure says nothing about whether and under what circumstances a second-degree arson instruction must be given in a case involving the burning of a dwelling.  In order to give effect to all the required elements of section 806.01(2), we hold that such an instruction need not be given when the charging documents and the evidence at trial fail to include all of the second-degree arson elements—including the element that the structure involved not be a dwelling covered by the first-degree arson statute.

That conclusion flows necessarily both from the statutory separation of first- and second-degree arson and from the settled principle that an instruction on a permissive lesser included offense need be given only when there is evidence at trial to support each of its elements.  The second-degree arson statute states and Higgins explains that second-degree arson is committed only "under circumstances not referred to in" the first-degree arson statute.  Applying that principle to the facts of this case, the evidence here proves first-degree arson and only first-degree arson because there was no evidence from which the jury could conclude that the structure burned was anything but a dwelling.  Accepting that the Beltrans' dwelling falls within the statutory definition of structure does not negate the fact that evidence of at least one necessary statutory element of second-degree arson was not present in this case—the requirement of section 806.01(2) that the structure involved not be a structure covered exclusively by the first-degree arson statute.

Here, there was no evidence that the Beltrans' trailer home was some type of structure other than a dwelling.  On the contrary, the defense conceded that it was the Beltrans' home.  The total absence of evidence that the trailer was anything other

than a dwelling, combined with the fact that section 806.01(2) excludes arson of any structure that is covered by the first-degree arson statute, means that the trial court was not required to give a second-degree arson instruction when Mr. Stevens requested it based solely on the definition of "structure" in section 806.01(3). Its refusal to do so was thus proper. Cf. P.P.M. v. State, 447 So. 2d 445, 447-48 (Fla. 2d DCA 1984) (remanding for the entry of a judgment on a lesser included offense of arson of an unoccupied structure where the evidence at trial failed to established that the structure burned was a dwelling under section 806.01(1)(a)).

In our view, Moore improperly ignores the fact that the second-degree arson statute defines first-degree arson out of its scope.[1] The opinion does not mention or address the "under any circumstances not referred to in subsection (1)" language included in section 806.01(2)'s definition of second-degree arson. By holding that arson of a dwelling is always arson of a structure—and therefore always second-degree arson—it reads that provision out of the second-degree arson statute. That approach is to us mistaken because we are required to give each word and phrase in a statute meaning and effect. See Vocelle v. Knight Bros. Paper Co., 118 So. 2d 664, 667 (Fla. 1st DCA 1960). With respect to section 806.01(2), Moore fails to do so.

---

[1]The uncontroverted facts of this case demonstrate that the Beltrans' trailer was occupied when it was burned and that Mr. Stevens knew it, meaning that the evidence showed both arson of a dwelling under section 806.01(1)(b) and arson of an occupied structure under section 806.01(1)(c). In contrast, the facts of Moore were that the dwelling was not occupied at the time it was burned. That factual difference may offer additional support for this trial court's denial of the requested instruction, but it did not affect the result in Moore because the Fourth District's reasoning was that any dwelling—occupied or not—is a structure for purposes of second-degree arson, thus requiring a second-degree arson instruction in cases where first-degree arson of a dwelling is charged.

Moreover, contrary to Higgins, Moore effectively makes second-degree arson a necessary lesser included offense of first-degree arson. The logic of the decision is that because a dwelling within the meaning of the first-degree arson statute is always a structure within the meaning of the second-degree arson statute, a second-degree arson instruction must be given upon request whenever the burning of a dwelling is involved and regardless of the charging documents and evidence at trial. Any of the other specific structures identified in the first-degree arson statute would also qualify as structures within the meaning of the second-degree arson statute. If Moore is taken at face value, then a second-degree instruction will be mandatory upon request in virtually all first-degree arson cases, regardless of what the charging document says and regardless of what evidence is presented at trial. The only exception would be that narrow category of cases, like Higgins itself, where the evidence shows only that the contents of a structure covered by the first-degree arson statute, and not the structure itself, had been burned. The Moore court's creation of a nearly categorical requirement that a second-degree arson instruction be given in first-degree arson cases strikes us as inconsistent with Higgins' holding that second-degree arson is not a necessary lesser included of first-degree arson and Higgins' statement that whether second-degree arson is a permissive lesser included depends on the circumstances of the case as demonstrated by the charging document and the evidence introduced at trial.

The Moore court supported the result it reached by reference to a jury's pardon power. As Moore itself recognized, however, the fact that a jury may choose to exercise that power does not require a trial court to give a jury instruction on a permissive lesser included offense when there is no evidence to support it. 932 So. 2d at 527 (explaining that an instruction on a permissive lesser included offense is required

- 10 -

"if the charging instrument and the evidence admitted would support a conviction on the next lesser offense" (emphasis added)); see also Amado v. State, 585 So. 2d 282, 282-83 (Fla. 1991) (holding, based on jury's pardon power, that an instruction on a permissive lesser included offense must be given unless there is a total lack of evidence for the lesser offense). In a case where, as here, the evidence is undisputed and shows only that the defendant burned an occupied dwelling covered exclusively by the first-degree arson statute, there is by definition no evidence that could support the giving of a second-degree arson instruction for arson of an unoccupied structure. Moore's reliance on section 806.01(3) and the jury's pardon power does not override the language of section 806.01(2) and the actual facts presented at trial when a trial court is faced with determining whether a defendant charged under section 806.01(1) is entitled to an instruction under section 806.01(2). When that language is applied to these facts, the trial court properly concluded that Mr. Stevens was not entitled to his requested instruction.

For the foregoing reasons, we affirm Mr. Stevens' convictions and sentences. In so doing, we certify conflict with Moore.

Affirmed; conflict certified.


NORTHCUTT and LaROSE, JJ., Concur.

- 11 -