# Supreme Court of Florida

—————————

No. SC16-1357
—————————

**VERNON STEVENS,**
Petitioner,

vs.

**STATE OF FLORIDA,**
Respondent.

[September 14, 2017]

LEWIS, J.

This case is before the Court for review of the decision of the Second District Court of Appeal in Stevens v. State, 195 So. 3d 403 (Fla. 2d DCA 2016). The district court certified that its decision is in direct conflict with the decision of the Fourth District Court of Appeal in Moore v. State, 932 So. 2d 524 (Fla. 4th DCA 2006). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. For the following reasons, we hold that the trial court properly denied Stevens' request for a second-degree arson instruction because there was no evidence adduced at trial that entitled him to such an instruction.

# FACTUAL AND PROCEDURAL BACKGROUND

Petitioner, Vernon Stevens, was charged by indictment with the first-degree murder of Epitacio Antonio Hernandez-Beltran (Beltran), first-degree arson of a dwelling, and robbery with a deadly weapon. The State sought the death penalty. Where relevant, the indictment alleged that Stevens "did unlawfully and willfully, or while in the commission of a felony, to-wit: robbery, by fire or explosion, damage or cause to be damaged, a structure, to-wit: a dwelling, . . . or its contents, contrary to Florida Statute 806.01(1)(a)."

These charges arose from a savage murder in October 2007. Stevens and his codefendant, Raymond Diaz, viciously beat and repeatedly strangled Beltran inside his trailer home. They robbed Beltran and left him bound, lying on the floor. Later, Stevens and Diaz returned and set fire to the trailer with Beltran still inside in an attempt to conceal their actions.[1]

As the Second District noted below, the "graphic details of the offense are not important to the legal issue we address." Stevens, 195 So. 3d at 405. Rather, the operative fact is that the events took place inside Beltran's trailer home, which Beltran used exclusively as a dwelling with his wife. This fact was undisputed at trial and on appeal.

---

1. The evidence did not establish precisely when Beltran died during the course of events.

At the preliminary charge conference, Stevens requested an instruction for second-degree arson as a lesser included offense of first-degree arson. Then, the following exchange occurred:

> [The Court]: I guess my question is specific to the Category I request, [defense counsel], the request for arson in the second degree. And if you can tell me the distinction between the first and second and why the second would apply in this case.
>
> [Defense Counsel]: Well, in all candor, Judge, the distinction is, one's a structure and one's a dwelling. I'll just stand on that.

At the final charge conference, the trial court denied Stevens' request for an instruction on second-degree arson. The court explained its ruling:

> [The Court]: The Court, after reviewing the indictment, consideration of the Category I versus Category II lesser included offense and the evidence adduced at trial, finds that the defense request for 12.2 shall not be given, as it is not supported by the evidence.

Pertaining to the arson charge, the trial court instructed the jury only on first-degree arson.

The jury found Stevens guilty on all counts as charged, but it recommended a life sentence. The trial court sentenced Stevens to life imprisonment for first-degree murder, along with concurrent thirty-year sentences for the arson and robbery convictions.

Stevens appealed his convictions and sentences to the district court. The Second District affirmed without discussion, but wrote separately to "reject [Stevens'] contention that he was entitled to a jury instruction on second-degree

arson of a structure." <u>Stevens</u>, 195 So. 3d at 405. The Second District held that a second-degree arson instruction is not required when "the undisputed trial evidence demonstrates that the structure that is the subject of the arson charge was used exclusively as a dwelling, thereby excluding it from consideration as a second-degree arson offense under the plain language of the arson statute." <u>Id.</u> In doing so, the Second District certified conflict with the Fourth District in <u>Moore</u>. <u>Id.</u> This review follows.

## ANALYSIS

The issue presented is whether a second-degree arson instruction is proper when the undisputed evidence demonstrates that the structure burned was exclusively a dwelling. We analyze the following: (1) the applicability of second-degree arson as a permissive lesser included offense; (2) the conflict between <u>Stevens</u> and <u>Moore</u>; and (3) whether denial of the requested instruction was proper. This matter involves "solely legal determinations based on undisputed facts"; therefore, our review is de novo. <u>Williams v. State</u>, 957 So. 2d 595, 598 (Fla. 2007).

### Second-Degree Arson—A Permissive Lesser Included Offense

Lesser included offenses fall into two categories: (1) necessary, or category one; and (2) permissive, or category two. <u>Sanders v. State</u>, 944 So. 2d 203, 206 (Fla. 2006); <u>In re Use by Trial Courts of Std. Jury Instrs. in Crim. Cases</u>, 431 So.

- 4 -

2d 594, 596 (Fla. 1981). If the "two offenses appear to be separate [on the face of the statutes], but the facts alleged in the accusatory pleadings are such that the lesser [included] offense cannot help but be perpetrated once the greater offense has been," then the lesser included offense is permissive. Sanders, 944 So. 2d at 206 (quoting State v. Weller, 590 So. 2d 923, 925 n.2 (Fla. 1991)) (alterations in original).

This Court has held that second-degree arson is a permissive lesser included offense of first-degree arson. Higgins v. State, 565 So. 2d 698 (Fla. 1990); Fla. Std. Jury Instr. (Crim.) 12.1. Based on the plain language of the statute, first- and second-degree arson generally cannot be committed simultaneously. See § 806.01, Fla. Stat. (2007); Stevens, 195 So. 3d at 408. In pertinent part, the statutory definition of first-degree arson follows:

(1) Any person who willfully and unlawfully, or while in the commission of any felony, by fire or explosion, damages or causes to be damaged:

(a) Any dwelling, whether occupied or not, or its contents;
(b) Any structure, or contents thereof, where persons are normally present, such as: jails, prisons, or detention centers; hospitals, nursing homes, or other health care facilities; department stores, office buildings, business establishments, churches, or educational institutions during normal hours of occupancy; or other similar structures; or
(c) Any other structure that he or she knew or had reasonable grounds to believe was occupied by a human being.

§ 806.01(1), Fla. Stat.  Second-degree arson is a catchall offense to punish any

arson not qualifying as first-degree arson:

> (2)  Any person who willfully and unlawfully, or while in the commission of any felony, by fire or explosion, damages or causes to be damaged <u>any structure</u>, whether the property of himself or herself or another, under any circumstances <u>not referred to in subsection (1)</u>, is guilty of arson in the second degree.

§ 806.01(2), Fla. Stat. (emphasis added).  The statute defines "structure" broadly,

ranging from "any building of any kind," to "any enclosed area with a roof over

it," to "any vehicle, vessel, watercraft, or aircraft."  § 806.01(3), Fla. Stat.

Therefore, structures covered under section 806.01(1), first-degree arson, fit within

the definition of structures under section 806.01(2), second-degree arson.

However, the statute plainly delineates a distinction between structures under first-

and second-degree arson—the primary difference is human occupancy.  <u>See</u> §

806.01, Fla. Stat.; <u>Neilson v. State</u>, 713 So. 2d 1110, 1111-12 (Fla. 2d DCA 1998)

(noting that occupancy is an essential element of first-degree arson); <u>Krantz v.</u>

<u>State</u>, 553 So. 2d 746, 747 (Fla. 5th DCA 1989) ("[T]he difference between first

degree arson and second degree arson concerns primarily human occupancy.").

Because the offenses appear separate on the face of the statute and—under

limited circumstances—second-degree arson may be automatically perpetrated

once first-degree arson has been perpetuated, we reaffirm that second-degree arson

is a permissive lesser included offense of first-degree arson.  See Sanders, 944 So. 2d at 206; Higgins, 565 So. 2d at 700.

## Resolving the Conflict

Now we turn to the conflict between Stevens and Moore.  Discussion of the conflict necessarily begins with our decision in Higgins, in which we held that second-degree arson is not a necessary lesser included offense of first-degree arson.  565 So. 2d at 699-700.  In Higgins, a prisoner was charged with first-degree arson based on the burning of a mattress in his cell, which did not damage the prison structure in any way.  Id. at 699.  This Court quoted reasoning from the lower court to produce our holding on these unique facts.  Id. at 699-700.  That language stated, in part:

> Section 806.01(1) first degree arson, does not include all of the elements of § 806.01(2) second degree arson, and the proof of first degree arson does not and cannot constitute proof of second degree arson.  Proof of damage to any structure described in first degree arson would prevent the proof of second degree arson because second degree arson covers damage only to structures not described in first degree arson.

Id. at 699 (quoting Higgins v. State, 553 So. 2d 177, 179 (Fla. 1st DCA 1989)) (emphasis added).  However, we clarified that second-degree arson could be, "under certain circumstances and evidence, a proper permissive lesser included offense of first-degree arson."  Id. at 700.

- 7 -

Although our holding in <u>Higgins</u> was clear, a dictum statement in the opinion suggested that a second-degree arson instruction would have been proper if "Higgins set fire to a building normally occupied by a large number of people." <u>Id.</u> There, no evidence suggested that Higgins burned a structure, which "is a necessary ingredient of second-degree arson," so this Court reasoned that the trial court did not err in refusing to give the second-degree instruction. <u>Id.</u> However, Higgins clearly committed <u>only</u> first-degree arson under section 806.01(1)(b), regardless of whether the fire he ignited singed the prison structure. Therefore, acceptance of this dictum at face value directly contradicts the express holding in <u>Higgins</u> because it would essentially convert second-degree arson into a necessary lesser included offense of first-degree arson in all cases—which <u>Higgins</u> itself plainly rejected. <u>Id.</u> That dictum did not overrule our express holding; rather, it illustrated our correct interpretation that, under limited circumstances, a second-degree arson instruction could be proper on a first-degree charge, but that those facts did not exist in <u>Higgins</u>. Again, we reiterate that "this Court does not intentionally overrule itself sub silentio. Where a court encounters an express holding from this Court on a specific issue and a subsequent contrary dicta statement on the same specific issue, the court is to apply our express holding." <u>Puryear v. State</u>, 810 So. 2d 901, 905 (Fla. 2002). Consequently, we abrogate <u>Higgins</u> to the extent that it implies a second-degree arson instruction is proper as a

- 8 -

lesser included offense of first-degree arson in all cases in which a structure is burned.

Moving to the conflict case, in Moore, the defendant was convicted of first-degree arson of a dwelling after setting fire to his own mobile home and then sitting in a lawn chair, with a six-pack of beer, watching it burn.[2] 932 So. 2d at 526. The trial court denied a requested instruction on second-degree arson. Id. Despite the uncontroverted evidence that the trailer was Moore's dwelling and was being utilized as his living quarters, the Fourth District reversed. Id. at 528. It reasoned that, although "a structure is not always a dwelling, a dwelling is always a structure within the broad definition" of section 806.01(3). Id. Therefore, Moore concluded that the indictment and evidence supporting first-degree arson necessarily supported a charge on second-degree arson as well. Id.

Below, in Stevens, the Second District came to the opposite conclusion. 195 So. 3d at 405. Stevens focused on the plain language of section 806.01 to conclude that "acts constituting the offense of first-degree arson are expressly excluded from the scope of the offense of second-degree arson"; thus, "first-degree arson cannot simultaneously constitute second-degree arson." Id. at 406. Although Stevens

---

2. The jury reached an impasse and submitted a guilty verdict with a request that the trial court grant leniency because nobody was injured by the fire. Moore, 932 So. 2d at 526.

- 9 -

agreed that a dwelling is a structure under section 806.01(3), the Second District rejected Moore's conclusion that this fact controls whether a second-degree arson instruction was proper when it is undisputed that the structure burned is a dwelling. Id. at 408. Instead, it held that the charging document and evidence adduced at trial are determinative. Id. Therefore, in light of the "total absence of evidence that the trailer was anything other than a dwelling, combined with the fact that section 806.01(2) excludes arson of any structure that is covered by the first-degree arson statute," Stevens naturally concluded that the trial court properly rejected the requested instruction. Id.

Based on the foregoing, we conclude that Stevens correctly interpreted the statute. It is improper to instruct a jury to consider second-degree arson when the evidence totally fails to demonstrate its statutory elements—particularly when the structure at issue is, without dispute, totally and solely within the province of first-degree arson. See id. Under the plain language of the arson statute, first-degree arson is the only appropriate charge when it is undisputed that a dwelling was burned.[3] See § 806.01, Fla. Stat.; Stevens, 195 So. 3d at 408. As this Court noted in Higgins, the Florida Rules of Criminal Procedure require some evidence of a

---

3. This does not foreclose the availability of criminal mischief as a permissive lesser included offense of first-degree arson. See § 806.13, Fla. Stat.; Fla. Std. Jury Instr. (Crim.) 12.1.

lesser offense or degree for the trial court to give an instruction on the lesser included offense. 565 So. 2d at 700 (citing Fla. R. Crim. P. 3.510 ("The judge shall not instruct on any lesser included offense as to which there is no evidence."); Fla. R. Crim. P. 3.490 ("The judge shall not instruct on any degree as to which there is no evidence.")). Therefore, the court in Stevens was correct in holding that it is improper to give a second-degree arson instruction when it is undisputed that the structure burned is a dwelling.

Moore presented a "crabbed reading" of section 806.01(2) that read the definitional limitation of second-degree arson out of the statute. Stevens, 195 So. 3d at 409. By holding that a dwelling is necessarily a structure within the meaning of section 806.01(2), Moore ignored the plain language of the statute that removed certain structures—such as dwellings—from that provision's protection. § 806.01(1)-(2), Fla. Stat.; see Moore, 932 So. 2d at 528. Indeed, the broad statutory definition of structure encompasses dwellings, see §806.01(3), Fla. Stat.; thus, Moore was correct that "a structure is not always a dwelling, [but] a dwelling is always a structure." 932 So. 2d at 528. However, this fact is not dispositive because it fails to consider that section 806.01(2) defines second-degree arson as beyond and outside the scope of section 806.01(1). Although a dwelling is a structure, it is flatly not a type of structure protected by the second-degree arson statute. § 806.01(2), Fla. Stat. "It is an elementary principle of statutory

- 11 -

construction that significance and effect must be given to every word [and] phrase, . . . and words in a statute should not be construed as mere surplusage." Hechtman v. Nations Title Ins. of N.Y., 840 So. 2d 993, 996 (Fla. 2003). Omitting section 806.01(2)'s express limitation from the statute skewed the analysis and "effectively [made] second-degree arson a necessary lesser included offense of first-degree arson," except for limited factual scenarios such as Higgins. See Stevens, 195 So. 3d at 409.

Perhaps Moore's extraordinary facts impacted the decision. There, an intoxicated man burned his own mobile home, and the jury only reached its guilty verdict after a compromise that they would plead for the judge to grant leniency. 932 So. 2d at 526. As the old adage goes, sometimes "hard cases make bad law." In re Woods' Estate, 183 So. 10, 14 (Fla. 1938). With such uncommon facts, Moore may have been one of those hard cases, which could explain the decision's contradictory positions. Compare Moore, 932 So. 2d at 528 ("Here, the evidence established, and no one disputed, the mobile home was used as a dwelling."), with id. ("[B]oth the charging document and the evidence supported a finding that the mobile home was a non-residential, unoccupied structure."). Regardless of what caused the misinterpretation of section 806.01, we must clarify the statute going forward. For all of these reasons, we approve of the decision below in Stevens and disapprove the decision in Moore.

**This Case**

Finally, we address the resolution of the case sub judice. Instructions on permissive lesser included offenses are required where (1) the indictment alleged all of the statutory elements of the lesser offense and (2) some evidence adduced at trial established each of those elements. Williams, 957 So. 2d at 599; Khianthalat v. State, 974 So. 2d 359, 361 (Fla. 2008). If those conditions are satisfied, then failure to give the requested instruction constitutes reversible error. See Amado v. State, 585 So. 2d 282, 282-83 (Fla. 1991). However, to be entitled to instructions on category two offenses, both the accusatory pleadings and some evidence must support the commission of the elements and terms of the permissive lesser included offense. State v. Daophin, 533 So. 2d 761, 762 (Fla. 1988).

We conclude that the trial court here properly denied Stevens' request for a second-degree arson instruction because no evidence adduced at trial supported second-degree arson. See Khianthalat, 974 So. 2d at 363 (holding that a defendant was not entitled to a lesser included offense instruction when the evidence did not support it).

At trial, Stevens did not dispute that the trailer was Beltran's dwelling. Because it was undisputed that the structure was a dwelling, the conduct at issue only could have been first-degree arson under section 806.01(1)(a), which specifically protects dwellings. Again, section 806.01(2) only applies to structures

not referred to in section 806.01(1); therefore, Stevens' failure to place the nature of Beltran's trailer at issue or present evidence on that issue amounted to a legal concession that second-degree arson was inapplicable. "An instruction on a permissive lesser included offense should be precluded only where 'there is a total lack of evidence of the lesser offense.'" Amado, 585 So. 2d at 282-83 (citing In re Std. Jury Instrs., 431 So. 2d at 597). Here, neither Stevens nor the State submitted any evidence that the trailer was other than a dwelling. Therefore, there was a total lack of evidence that Stevens committed second-degree arson, and he was not entitled to a second-degree arson instruction.

To be sure, under certain facts, a defendant charged with first-degree arson could be entitled to an instruction on second-degree arson. Higgins, 565 So. 2d at 700; see generally P.P.M. v. State, 447 So. 2d 445 (Fla. 2d DCA 1984). For instance, a defendant charged under section 806.01(1)(c) could dispute that he or she "knew or had reasonable grounds to believe [a structure] was occupied by a human being." See § 806.01(1)(c), Fla. Stat. Hypothetically, in such a case, the defendant could be entitled to an instruction on second-degree arson if sufficient evidence was produced to support the assertion that the defendant did not know that a structure was occupied. In the past, courts have held that insufficient evidence on knowledge of occupancy can be the basis for reducing a conviction of first-degree arson under section 806.01(1)(c) to second-degree arson. See Neilson,

713 So. 2d at 1111-12.  It is conceivable that circumstances could exist where the evidence presented raises doubt as to the nature of a structure, which would amount to a dispute between first- and second-degree arson.  Hypothetically, these different factual scenarios could warrant a second-degree arson instruction, depending upon the evidence adduced at trial.  However, this case did not present the trial court with any evidence to support a second-degree arson instruction.  See Stevens, 195 So. 3d at 408.  Given that the structure burned was undisputedly a dwelling, in conjunction with the statutory scheme, Stevens' instructions were correctly limited to either first-degree arson or no arson at all.

## CONCLUSION

Accordingly, we approve the decision below in Stevens, disapprove the Fourth District's decision in Moore, and hold that the trial court properly denied Stevens' requested instruction.

It is so ordered.

LABARGA, C.J., and QUINCE, and LAWSON, JJ., concur.
PARIENTE, CANADY, and POLSTON, JJ., concur in result.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

Application for Review of the Decision of the District Court of Appeal – Certified Direct Conflict of Decisions

Second District - Case No. 2D13-2148

(Hendry County)

Stephen M. Grogoza, Special Assistant Public Defender, Bartow, Florida,

for Petitioner

Pamela Jo Bondi, Attorney General, Tallahassee, Florida; and John Klawikofsky, Chief Assistant Attorney General, and Donna S. Koch, Assistant Attorney General, Tampa, Florida,

for Respondent